UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK,<br><br>       *Plaintiff*,<br><br>-against-<br><br>PENTAGROUP FINANCIAL LLC,,<br><br>       *Defendant*. | 08 CV 5293 (JG) (RML)<br><br>**<u>NOTICE OF MOTION</u>** |

  **PLEASE TAKE NOTICE,** that upon the annexed Declaration of Todd C. Bank, the accompanying Memorandum of Law, and all other pleadings and proceedings herein, Plaintiff, Todd C. Bank, will move this Court, on a date and at a time to be designated by the Court, for an Order, pursuant to Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure, for the reconsideration and vacature of the Order of this Court dated April 15, 2009, and for any other relief deemed just and proper.

  **PLEASE TAKE FURTHER NOTICE,** that, in accordance with Local Civil Rule 6.1(b), any opposing affidavits and answering memoranda shall be served within ten business days after service of Plaintiff's moving papers.

  Dated: April 20, 2009

    <u>s/ Todd C. Bank</u>

| | |
|---|---|
| TODD C. BANK | ALBERT RUDGAYZER |
| 119-40 Union Turnpike | 116 East 16th Street |
| Fourth Floor | 6th Floor |
| Kew Gardens, New York 11415 | New York, New York 10003 |
| (718) 520-7125 | (212) 260-5650 |
| TB-6825 | AR-4335 |

            Counsel for Plaintiff

TO:    MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN
       Attorneys for Defendants
       420 Lexington Avenue, Suite 335
       New York, New York  10170
       (212) 878-1700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, <br><br> *Plaintiff*, <br><br> -against- <br><br> PENTAGROUP FINANCIAL LLC,, <br><br> *Defendant*. | 08 CV 5293 (JG) (RML) <br><br> **DECLARATION OF** <br> **TODD C. BANK** |

1. I am the plaintiff in the above-referenced matter and am also representing myself as co-counsel. As such, I am familiar with both the factual and legal elements pertaining to this action and to the instant motion.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on April 20, 2009.

                    **s/ Todd C. Bank**
                    Todd C. Bank

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| |
|---|
| TODD C. BANK,<br><br>       *Plaintiff*,<br><br>   -against-<br><br>PENTAGROUP FINANCIAL LLC,,<br><br>       *Defendant*. |

08 CV 5293 (JG) (RML)

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR THE RECONSIDERATION AND VACATURE OF THE ORDER OF THIS COURT DATED APRIL 15, 2009

               TODD C. BANK
               119-40 Union Turnpike
               Fourth Floor
               Kew Gardens, New York 11415
               (718) 520-7125
               TB-6825

               ALBERT RUDGAYZER
               116 East 16th Street
               6th Floor
               New York, New York 10003
               (212) 260-5650
               AR-4335

               Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK,<br><br>                              *Plaintiff*,<br><br>            -against-<br><br>PENTAGROUP FINANCIAL LLC,,<br><br>                              *Defendant*. | 08 CV 5293 (JG) (RML) |

## INTRODUCTION

Plaintiff submits this Memorandum of Law in support of Plaintiff's motion for an Order, pursuant to Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure, for the reconsideration and vacature of the Order of this Court dated April 15, 2009 ("Subject Order"), and for any other relief deemed just and proper.

## FACTUAL AND PROCEDURAL BACKGROUND

This action, commenced on December 31, 2008, arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

On March 20, 2009, Defendant submitted a letter "request[ing] a pre-motion conference in order to be allowed leave to file a motion to dismiss the complaint or, in the alternative, a portion thereof, pursuant to Fed. R. Civ. P. 12(b)(6)." (Docket No. 3). On March 20, 2009, this Court issued a scheduling order (no docket no., but between Docket Nos. 3 and 4), pursuant to which Defendant was to serve its motion on or before April 6, 2009. In a letter to this Court dated April 14, 2009 (Docket No. 4), Defendant's counsel, Jeffrey J. Imeri, stated that he had not received notification of

the briefing schedule "through ECF or from the Court," and therefore requested that the Court amend the briefing schedule. In response to that letter, Plaintiff, in a letter dated April 15, 2009 (Docket No. 5), stated that Defendant was required by Fed. R. Civ. P. 6(b)(1)(B) to make a motion in order to obtain an extension of time to file its dismissal motion, and that, furthermore, Defendant's letter did not itself constitute a motion. Also on April 15, 2009, this Court issued an order that stated, in pertinent part: "[h]aving reviewed Mr. Bank's letter dated April 15, 2009 [5], I see no reason not to grant the defendant's request [4]" (bracketed references to docket nos. in original) (no docket no., but immediately after Docket No. 4). Thereupon, this Court issued a new briefing schedule, which extended Defendant's time to file its dismissal motion.

## ARGUMENT

### POINT I

**THE APRIL 15, 2009 ORDER OF THIS COURT WAS ISSUED IN VIOLATION OF RULE 6(b)(1)(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Motions for reconsideration are granted when "the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). As set forth below, the issuance of the Subject Order was precluded by *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871 (1990). Furthermore, Rule 60(b)(1), pursuant to which the instant motion is brought in part, includes "mistake" as "[g]rounds for [r]elief from a[n] . . . [o]rder,"; as noted in *Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.)*, 346 F.3d 31 (2d Cir. 2003), "Rule 60(b)(1) [i]s available for a district court to correct legal errors by the court." *Id.* at 35, citing *Schildhaus v. Moe*, 335 F.2d 529 (2d Cir. 1964), and *Tarkington v. United States Lines Co.*, 222 F.2d

2

358 (2d Cir. 1955). It is, of course, axiomatic that "errors of law[] includ[e] the erroneous application or interpretation of statutes." *INS v. St. Cyr*, 533 U.S. 289, 302 (2001). Thus, even in the absence of *Lujan*, the vacature of the Subject Order would be required.

      Rule 6(b) of the Federal Rules of Civil Procedure states:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) *with or without motion* or notice if the court acts, *or* if a *request* is made, *before* the original time or its extension expires; or
>
> (B) *on motion* made *after* the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b) (emphases added). As Rule 6(b)(1)(A) makes clear, an extension to perform an act may be granted by a court either *sua sponte* or in response to a request or motion *before* the date by which the act must be done. By contrast, as the different, and equally plain, language of Fed. R. Civ. P. 6(b)(1)(B) makes clear: if the date by which an act must be performed has passed, as in the present case, a ruling on one's entitlement to an extension of time to perform the act must be resolved *only* upon a motion. *See United States v. Bean*, 537 U.S. 71, 76, n.4 (2002) ("'[t]he use of different words within related statutes generally implies that different meanings were intended,'" quoting 2A N. Singer, *Sutherland on Statutes and Statutory Construction*, § 46.06, p. 194 (6th ed. 2000)). *See also Furnes v. Reeves*, 362 F.3d 702, 713 (11th Cir. 2004) ("[i]t is a fundamental rule of statutory interpretation that, within an act, the same words have the same meanings and different words have different meanings," citing *United States v. Gonzales*, 520 U.S. 1, 5 (1997)).

Based on the plain language of Rule 6(b), the Supreme Court, in *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871 (1990), explained:

> Rule 6(b) establishes a clear distinction between "requests" and "motions," and the one cannot be converted into the other without violating its provisions . . . . Rule 6(b)(1) allows a court ("for cause shown" and "in its discretion") to grant a "request" for an extension of time, whether the request is made "with or without motion or notice," *provided* the request is made before the time for filing expires. *After* the time for filing has expired, however, the court (again "for cause shown" and "in its discretion") may extend the time only "upon motion." To treat all postdeadline "requests" as "motions" (if indeed any of them can be treated that way) would eliminate the distinction between predeadline and postdeadline filings that the Rule painstakingly draws. Surely [a] postdeadline "request," to be even permissibly treated as a "motion," must contain a high degree of formality and precision, putting the opposing party on notice that a motion is at issue and that he therefore ought to respond.

*Id.* at 897, n.5 (emphases in original). While the letter dated April 14, 2009 by Defense counsel (Docket No. 4) constituted a request, it clearly was not a motion. Moreover, even if that letter had been a request for a pre-motion conference (which it was not), "[a] letter request for a pre-motion conference does not constitute a motion." *Ario v. U.S. Mgmt., Inc.*, 2007 U.S. Dist. LEXIS 77112 at *2 (E.D.N.Y. Oct. 17, 2007).

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court reconsider and vacate the Order of this Court dated April 15, 2009, and grant Plaintiff any other relief deemed just and proper.

Dated: April 20, 2009

        **s/ Todd C. Bank**
TODD C. BANK
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125

ALBERT RUDGAYZER
116 East 16th Street
6th Floor
New York, New York 10003
(212) 260-5650
AR-4335

Counsel for Plaintiff