# MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

A  P R O F E S S I O N A L   C O R P O R A T I O N     www.marshalldennehey.com

**420 Lexington Avenue, Suite 335 · New York, NY 10170**
**(212) 878-1700 · Fax (212) 878-1701**

A REGIONAL DEFENSE LITIGATION LAW ...

**PENNSYLVANIA**
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton
Williamsport

**NEW JERSEY**
Cherry Hill
Roseland

**DELAWARE**
Wilmington

**OHIO**
Akron

**FLORIDA**
Ft. Lauderdale
Jacksonville
Orlando
Tampa

**NEW YORK**
New York

Direct Dial: 212.878.1708
Email: jjimeri@mdwcg.com



June 8, 2009

*Via Fed Ex and ECF*
Honorable John Gleeson
United States District Judge
United States District Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: Bank v. Pentagroup Financial, LLC
     Case No.:  08-CV-5293 (JG) (RML)
     Our File:   05193-00291

Your Honor:

  My firm represents the Defendant, Pentagroup Financial, LLC ("Pentagroup"), in the above-referenced action.  This letter is submitted to the Court pursuant to Your Honor's directive during the oral argument held on June 5, 2009 with respect to Pentagroup's motion to dismiss the Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

  At the conclusion of oral argument, Your Honor advised counsel that a decision would be issued by the Court whereby Pentagroup's motion to dismiss would be granted to the extent that Pentagroup sought dismissal of the Plaintiff's claim that Pentagroup violated Section 1692c of the Fair Debt Collection Practices Act ("FDCPA") but that Pentagroup's motion would be denied to the extent that it sought dismissal of Plaintiff's claim under Section 1692d of that statute.  Your Honor instructed counsel for Pentagroup to advise the Court, by June 10, 2009, whether Pentagroup would agree to waive discovery in the action and proceed directly to the damages phase of the case which would be argued via letter briefs to the Court.  For all of the following reasons, Pentagroup is not prepared to concede liability and proceed to the damages phase in this litigation at this time.

  First, as noted in Pentagroup's motion papers, its motion to dismiss accepted as true all of the allegations in the Plaintiff's complaint solely for purposes of said motion and without any admission of liability on the part of Pentagroup.  To the extent that the Court has denied a portion of Pentagroup's motion to dismiss, Pentagroup

intends to vigorously dispute Plaintiff's remaining allegations and fully contest Pentagroup's alleged liability under Section 1692d of the FDCPA. While the Court may have concluded that dismissal of the Plaintiff's 1692d claim is not appropriate on a motion to dismiss, Pentagroup intends to move for summary judgment with respect to liability after discovery, including the deposition of the Plaintiff under oath, has been conducted.

Second, while it might appear to be economically favorable to Pentagroup to forego the expense of discovery and litigation relating to its alleged liability in this case, the consequences of proceeding directly to the damages phase under these circumstances would likely not be in the best interests of Pentagroup. As noted in Pentagroup's motion papers and by the Court during oral argument, Plaintiff in this action is an attorney who regularly files FDCPA claims and it is Pentagroup's continued belief that Plaintiff's action is an improper attempt to impose strict liability on a debt collection company under circumstances not contemplated or intended by the FDCPA or by Congress in passing that statute. As a result, should Pentagroup agree to proceed directly to the damages phase in this case without challenging the Plaintiff's meritless claims of liability, there is little doubt that this Plaintiff (or others like him) will attempt to bring future claims and attempt to use this case to argue that Pentagroup conceded liability under the FDCPA under the set of facts alleged by the Plaintiff in his complaint. In addition, while the complaint only seeks statutory damages that total no more than $1,000, Plaintiff is also seeking (as discussed below) attorneys' fees and will likely appeal any ruling of this Court that is adverse to him, hence, there is no certainty that Pentagroup will be able to save any litigation expenses in this case in the long run even if it agrees to proceed directly to the damages phase.

Third, to the extent that Plaintiff is actually a *pro se* litigant in this case who, as suggested by the Court during oral argument, may be using "co-counsel" improperly in an attempt to fabricate or pad his attorneys' fees claim under the FDCPA, Pentagroup respectfully requests that the Court conduct a hearing in that regard and, if there is evidence to support any impropriety, dismiss the remainder of this action with prejudice on that basis alone, with an award of costs, attorneys' fees and sanctions in Pentagroup's favor. It is respectfully submitted that the Court certainly has the authority to conduct such a hearing at any time in the interests of justice. In the absence of such a hearing, Pentagroup hereby respectfully requests a pre-motion conference to seek leave to (1) immediately conduct discovery relating to the Plaintiff's attorneys' fees claim and (2) file a motion to dismiss that claim (and the remainder of the complaint) if warranted after such discovery. Should that request be denied by the Court, Pentagroup intends to fully pursue the issue during the course of regular discovery, including cross-examination of the Plaintiff regarding his attorneys' fee claim in this case. Pentagroup therefore reserves the right to move to dismiss the Plaintiff's remaining claims or, at a minimum, his attorneys' fee claim, should there be any impropriety relating to Plaintiff's allegation that he is entitled to attorneys' fees in this case.

Respectfully submitted,

Jeffrey J. Imeri (JI 3938)

JJI/mbb

_____

cc: ***Via Fed Ex and ECF***
    Albert Rudgayzer, Esq.
    116 East 16th Street, 16th Floor
    New York, New York 10003
    (212) 260-5650

    ***Via Fed Ex and ECF***
    Todd Bank, Esq.
    119-40 Union Turnpike, 4th Floor
    Kew Gardens, New York 11415
    (718) 520-7125

    (Attorneys for Plaintiff)

26/1317807.v1