```
UNITED STATES DISTRICT COURT            ELECTRONIC PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
TODD C. BANK,                           :
                                        :
                        Plaintiff,      :
                                        :       MEMORANDUM
                                        :       AND ORDER
           - against -                  :
                                        :       08-CV-5293 (JG) (RML)
                                        :
PENTAGROUP FINANCIAL, LLC,              :
                                        :
                        Defendant.      :
---------------------------------------------------------------- X
```

A P P E A R A N C E S:

    ALBERT RUDGAYZER
        116 East 16th Street, 6th Floor
        New York, NY 10003

    -and

    LAW OFFICE OF TODD C. BANK
        119-40 Union Turnpike, 4th Floor
        Kew Gardens, NY 11415
    By:   Todd C. Bank

        Attorneys for Plaintiff

    MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
        The Greybar Building
        420 Lexington Avenue, Suite 335
        New York, NY 10170
    By:   Jeffrey J. Imeri
        Attorney for Defendant

JOHN GLEESON, United States District Judge:

       Todd C. Bank brings this action against Pentagroup Financial, LLC ("Pentagroup"). Bank alleges two violations of the Federal Fair Debt Collection Practices Act ("FDCPA" or the "Act"), 15 U.S.C. §§ 1692 *et seq*., by the defendant debt collector in relation to pre-recorded telephone messages left on Bank's voicemail. Bank seeks damages of $1,000 and

costs, disbursements and attorney's fees. Pentagroup moves to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. I heard argument on the motions on June 5, 2009. For the reasons discussed below, the defendant's motion is granted in part and denied in part.

## BACKGROUND

The following facts are drawn from Bank's amended complaint, filed April 23, 2009, and are assumed to be true for the purposes of this motion.

Bank is a resident of Queens County, New York.[1] Pentagroup is a "debt collector" within the meaning of FDCPA. *See* 15 U.S.C. § 1692a(6). During 2008, Pentagroup called Bank approximately 30 times. Each time, it left one of two versions of a pre-recorded voicemail message. Version one stated:

> This confidential and important message is meant exclusively for. If you are not, please hang up or disconnect now. The law requires that we notify you that this call is from Pentagroup Financial LLC, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return this call to Pentagroup Financial LLC at. Again, the number is.

Version two was identical except that, unlike version one, it included the name of an individual and toll-free number for Pentagroup.[2] The named individual was not someone Bank recognized. Specifically, Bank received version one of the message on September 19 and 24, 2008 and

---

[1] In his original complaint, filed December 31, 2008, Bank alleged that he was a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) ("The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."). However, his amended complaint omits this allegation.

[2] The complete text of the second version of the message is as follows:
This confidential and important message is meant exclusively for [name of an individual not recognized by Bank]. If you are not [name of an individual not recognized by Bank], please hang up or disconnect now. The law requires that we notify you that this call is from Pentagroup Financial LLC, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return this call to Pentagroup Financial LLC at 866-384-1987. Again, the number is 866-384-1987.

2

version two on September 29, 2008.  He does not specify when the other alleged calls were received.

Bank filed his original complaint on December 31, 2008 and his amended complaint April 23, 2009.  Bank alleges violations of 15 U.S.C. § 1692c(b) ("Communication in connection with debt collection") and § 1692d ("Harassment or abuse").

DISCUSSION

A.      *Standard of Review – Motion to Dismiss*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint.  *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))).  Accordingly, I must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, ---, 127 S. Ct. 2197, 2200 (2007) (*per curiam*), and draw all reasonable inferences in favor of the plaintiff.  *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* ("*Iqbal*"), 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009).

The plaintiff is not entitled to unlimited favorable inferences at the motion to dismiss stage.  The Supreme Court has held that the standard governing a complaint's legal sufficiency is in part one of "plausibility," *Twombly*, 550 U.S. at 560-63, no longer governed by the "no set of facts" admonition of *Conley v. Gibson*.  355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

When considering a motion to dismiss, a court may examine (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

B.      *The Fair Debt Collection Practices Act*

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) ("The FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors."). In particular, the Act's legislative history reveals that the need for the law arose because of collection abuses "such as use of 'obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.'" *Kropelnicki*, 290 F.3d at 127 (quoting S. Rep. No. 95-382, at 2 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696). The FDCPA tries to prevent and punish debt collection practices that are "unfair, deceptive, or harassing." *Id.*

4

In order for some of the protections of the FDCPA to apply, correspondence must be a "communication" within the meaning of the Act. *See* 15 U.S.C. § 1692a(2) ("The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium."). The voicemails Bank complains of here thus meet the statutory definition. *See also Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 654-55 (S.D.N.Y. 2006) (pre-recorded voicemail message is a "communication" under the Act).

"[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 2003)). "This objective standard is designed to protect all consumers, the gullible as well as the shrewd, while at the same time protecting debt collectors from liability for bizarre or idiosyncratic interpretations of collection notices." *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 236 (2d Cir. 1998) (quotations and citation omitted); *see also Clomon*, 988 F.2d at 1318-20 (2d Cir. 2003). Indeed, the courts must balance the need to protect consumers against the need to ensure that debt collectors are not held liable "for unreasonable misinterpretations of collection notices." *Id.* at 1319; *see e.g.*, *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 190 (2d Cir. 2002) (a collection notice where pertinent information is on the back, as opposed to the front, does not violate the FDCPA). This objective standard presumes the consumer at least "possess a rudimentary amount of information about the world." *Clomon*, 988 F.2d at 1319.

Count one of Bank's amended complaint alleges a violation of § 1692c(b) ("Communication in connection with debt collection: Communication with third parties").[3] Count two alleges a violation of § 1692d ("Harassment or abuse").[4]

1.  *Standing*

Pentagroup contends that Bank lacks standing to assert the claims alleged in the amended complaint because Bank is not a "consumer" as defined by the FDCPA. Section 1692a(3) defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). However, the general civil liability section of the FDCPA is very broad, stating that "any debt collector who fails to comply with any provision of this subchapter with respect to *any person* is liable to such person" for specified civil damages. 15 U.S.C. § 1692k(a) (emphasis added).

"[C]ouched in the broadest possible language," *Conboy v. AT&T*, 84 F. Supp. 2d 492, 504 n.9 (S.D.N.Y. 2000) (citing *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 175

---

[3] Section 1692c(b) is entitled, "Communication with third parties" and states:
Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

[4] Section 1692d states:
A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
(4) The advertisement for sale of any debt to coerce payment of the debt.
(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

(W.D.N.Y. 1988)), the language of § 1692k permits "[a]ny person who comes in contact with the proscribed debt collection practices [to] bring a claim" under certain sections of the FDCPA. *Riveria*, 682 F. Supp. at 175 (citing *Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204, 1206 (N.D. Ga. 1981)); *see also Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994) (*en banc*) (recognizing that person authorized to open the consumer's mail could have standing to pursue some FDCPA claims); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985) (noting that one of the purposes of the FDCPA is that every individual, whether or not he owes the debt, has a right to be treated in a reasonable or civil manner); *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) (plaintiff had standing under FDCPA where amount of debt attributed to him was erroneous); *Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117, 1123 (D. Nev. 2008) ("Persons who do not owe money but are subject to improper practices by debt collectors are covered by the FDCPA."); *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, No. 99 Civ. 3227, 2000 WL 1448635, at *4 (S.D.N.Y. Sept. 28, 2000) ("*Sibersky I*") ("Likewise, persons who have been harmed by an improper debt practice may also bring suit.") (internal quotation marks and citation omitted); H.R. Rep. No. 131, 95th Cong. 1st Sess. 8 ("This bill also protects people who do not owe money at all.  In the collector's zeal, collection efforts are often aimed at the wrong person either because of mistaken identity or mistaken facts.  This bill will make collectors behave responsibly towards people with whom they deal.  Another group of people who do not owe money, but who may be deliberately harassed are the family, employer and neighbors of the consumer. These people are also protected by this ... bill.").  In sum, "for the offending communication to be 'with respect to' a person other than the debt consumer or someone standing in the consumer's shoes, that person would have to plead some injurious exposure to the communication to have standing

to sue." *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 155 Fed. App'x 10, 11-12 (2d Cir. 2005) (*summary order*) ("*Sibersky II*").

   2.  *The Section 1692c(b) Claim*

   Despite the broad language of § 1692k, various courts have found that only a "consumer" has standing to sue under particular sections of the FDCPA that specifically regulate communications "with the consumer." *See, e.g.*, *Conboy*, 84 F. Supp. 2d at 504-05, n.9 (non-consumer plaintiffs lacked standing to sue under § 1692e(11), which makes it a violation to fail to disclose debt collection information in communications "with the consumer"). One such section is § 1692c, which addresses communications in connection with debt collection. Numerous courts have noted that only a "consumer" has standing to sue under § 1692c. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003) ("'Only a "consumer" has standing to sue for violations under 15 U.S.C. § 1692c.'" (quoting *Wright*, 22 F.3d at 649 n.1)); *see also Belin v. Litton Loan Servicing, LP*, No. 8:06-cv-760-T-24, 2006 WL 1992410, at *6 (M.D. Fla. July 14, 2006) (same); *Mathis v. Omnium Worldwide*, No. CIV. 04-1614, 2006 WL 1582301, at *4 (D. Or. June 4, 2006) (same); *Mantell v. Feingold & Levy*, No. 96 C 1869, 1997 WL 45313, at *3 (N.D. Ill. Jan. 30, 1997) (same). Other courts have held that where a plaintiff alleges damage from the communication under § 1692c, he or she need not be a "consumer" in order to have standing. *See Thomas v. Consumer Adjustment Co.*, 579 F. Supp. 2d 1290, 1299 (E.D. Mo. 2008) ("Though a close question, under the unique facts posed here, where the third-party alleges a direct harm and actual damages from a communication proscribed by § … 1692c(b), the Court finds such party has standing to sue under § 1692k."); *Whatley*, 525 F. Supp. at 1206 n.4.

8

Whether a plaintiff must be a "consumer" to bring a § 1692c claim has not been resolved by the Second Circuit, which has "not specifically ruled as to which, if any, sections of the FDCPA are necessarily limited to consumers." *Sibersky II*, 155 Fed. App'x at *11 (noting the Sixth Circuit's decision in *Wright*, 22 F.3d at 647, which stated that only a consumer has standing to sue under § 1692c).

I agree with courts that have found non-consumers lack standing to sue under § 1692c. The section, read as a whole, is clearly intended to protect the rights of the consumer rather than the rights of third parties. The purpose of § 1692c is to protect the consumer's privacy and reputation.[5] However, to the extent persons who are not consumers are contacted by debt collectors in circumstances that amount to harassment, they are not without remedy. As discussed below, non-consumers may bring claims pursuant to § 1692d.

Under the FDCPA, a consumer is generally defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). For the purpose of § 1692c, the term "consumer" "includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c(d). Bank lacks standing to bring a claim under § 1692c because: (1) he was not obligated or allegedly obligated to pay any debt; and (2) he has not alleged that he is a consumer's spouse, parent, guardian, executor or administrator. Accordingly, Pentagroup's motion to dismiss Bank's § 1692c(b) claim is granted.

3. *The Section 1692d Claim*

Due to the broad language of § 1692k and the plain language of § 1692d, which is not limited in its applicability to consumers, a plaintiff who is not a consumer may have standing

---

[5] The legislative history of the FDCPA supports this interpretation of section 1692c(b). Senate Report No. 95-382 states that: "[o]ther than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs." S. Rep. No. 95-382 (1977), reprinted at 1977 U.S. Code & Admin. News 1695, 1699.

9

to assert a claim brought pursuant to § 1692d. Section 1692d prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse *any person* in connection with the collection of a debt." 15 U.S.C. § 1692d (emphasis added). *See Montgomery*, 346 F.3d at 697 (interpreting § 1692d to mean that any person who has been harmed by a proscribed debt collection practice under § 1692d may sue for damages under § 1692k); *Kerwin*, 559 F. Supp. 2d at 1123 (non-consumer plaintiffs had standing to sue for debt-collection abuses under § 1692d).

In order for Bank to have standing to sue under the FDCPA where an allegedly offending communication was made to a person other than a consumer or a person standing in the consumer's shoes, he would have to plead some injurious exposure to the communication. *Sibersky II*, 155 Fed. App'x at 11-12; s*ee also Guillory v. WFS Financial, Inc*., No. C 06-06963, 2007 WL 879017, at *2 (N.D. Cal. Mar. 21, 2007) ("liability has been extended to non-consumers where either the third party is standing in the shoes of the debtor or the third party pleads an injury under the statute"). Bank alleges that by being exposed to approximately 30 voicemail messages, some of which did not identify the intended recipient of the call, Pentagroup violated § 1692d. Pentagroup's argument that the complaint fails because it does not allege "any intent to annoy, harass or oppress" is misplaced. Though it is true that one of the enumerated means of violating the anti-harassment prohibition is the making of telephone calls "with intent to annoy, abuse or harass," § 1692d(5), the list of specified violations is explicitly not exhaustive; it is not intended to "limit[] the general application" of the provision's sweeping prohibition of conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." A debt collection program that negligently misplaces numerous calls to a single wrong number could plausibly have the natural

consequence of harassment or abuse.  Based on the volume of calls alleged here and the fact that some did not identify the debt consumer or contain a return phone number, I find that Bank has sufficiently alleged an "injurious exposure" to offending communication.  Because I find that Bank has standing to bring his § 1692d claim, Pentagroup's motion to dismiss this claim is denied.

## CONCLUSION

For the reasons stated above Pentagroup's motion to dismiss Bank's § 1692c(b) claim is granted and its motion to dismiss the § 1692d claim is denied.[6]

So ordered.


John Gleeson, U.S.D.J.

Dated: June 9, 2009
    Brooklyn, New York

---

[6] By letter dated June 8, 2009, defendant's counsel has moved for an order permitting discovery relating to plaintiff's attorney's fee claim and to dismiss that claim (and the rest of the case as well) after discovery. That application is denied.  Since fees are available only if the plaintiff prevails, and the defendant contests liability, such procedures would be premature.