```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```
TODD C. BANK,

                Plaintiff,                      Case No. 08-CV-5293 (JG) (RML)

      - against -

PENTAGROUP FINANCIAL, LLC,                **STIPULATION**
                                                                          **OF SETTLEMENT**

                Defendant.
```
-----------------------------------------------------------------X
```

      IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel on behalf of the parties herein that:

      WHEREAS, certain disputes and controversies arose between the parties hereto, including the commencement of this action alleging claims by Plaintiff Todd C. Bank ("Plaintiff") against Pentagroup Financial, LLC ("Pentagroup") for purported violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692, *et seq.*, (the "Dispute"); and

      WHEREAS, Pentagroup denies any wrongdoing, unlawful conduct or liability in connection with the matters which relate to the Dispute but has nevertheless concluded that it is in its best interests to avoid the time, expense, burden and uncertainty of litigation by settling the parties' differences, disagreements and disputes on the terms set forth herein; and

      WHEREAS, it is the intention of the parties hereto to settle and dispose of fully and completely all purported liability of Pentagroup and all claims of the Plaintiff related to the Dispute and all transactions between the parties arising out of, connected with or incidental to the Dispute; and

      WHEREAS, the parties hereto have reached an agreement to that end which will result in a full and complete settlement with prejudice of all disputes and claims stated or which could have been stated against Pentagroup in the Dispute from the beginning of time to the date of the execution of this Agreement.

      THEREFORE, in consideration of the mutual promises, covenants and conditions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the undersigned parties, by and through their respective counsel, expressly agree to the following terms and conditions in a full settlement, compromise and satisfaction of the claims which were alleged or could have been alleged against Pentagroup by the Plaintiff;

1. <u>Payment by Pentagroup.</u>  Pentagroup shall pay the sum of FOUR THOUSAND FIVE HUNDRED Dollars ($4,500.00) to Plaintiff by a check in said amount made payable to "Todd C. Bank" and mailed to the Plaintiff within 10 days after the date that this Stipulation is "so ordered" by the Court.

2. <u>Release of All Claims of Plaintiff</u>.  In return for the foregoing, Plaintiff and his devisees, distributees, legatees, beneficiaries, executors, administrators, guardians, representatives, conservators, trustees, servants, attorneys and/or assigns, do hereby irrevocably, unconditionally, fully, finally and forever release and discharge Pentagroup, its respective parent corporations, predecessors-in-interest, successors-in-interest, subsidiaries, affiliates, franchisors, franchisees, divisions, assignors and assignees, including all respective officers, directors, partners, employees, servants, clients, representatives, attorneys, insurers, shareholders and agents, past, present and future of and from any and all claims, judgments, actions, causes of action, suits, sums of money, demands, rights, damages, injuries, costs, obligations, contracts, agreements, promises, liabilities, losses, debts, harms, expenses, fees (including attorneys' fees), and compensation of every kind or nature whatsoever, whether based in tort or any other theory of recovery, in law or in equity, whether for compensatory or punitive damages, whether known or unknown and whether foreseen or unforeseen, which Plaintiff has ever had or claimed to have, now has or claims to have, which may arise in the future, or which Plaintiff hereafter may have or claim to have against Pentagroup (whether through operation of law, assignment or subrogation), in, arising out of, or in any way connected with the Dispute from the beginning of the world to the day of the date of this Agreement.

3. <u>Entire Agreement</u>.  This Stipulation contains the entire, complete and integrated statement of each and every term and provision agreed to by and among the parties.  It contains the entire agreement and understanding between the parties relating to the subject matter contained herein, superseding any prior oral or written agreements pertaining to said subject matter.  No other promises, representations or other inducements have been made to Plaintiff in exchange for this Agreement.

4. <u>Modification</u>.  No provision of this Stipulation may be waived, altered, amended, or modified in any respect or particular whatsoever except by written agreement duly executed by each of the parties to this Stipulation or by Order of the Court.

5. <u>No Admissions</u>.  The parties hereto agree that neither this Stipulation, nor any action taken by the parties hereto, either previously or in connection with the compromise reflected in this Stipulation, shall be deemed or construed to be an admission of the truth or falsity of any matter pertaining to the Dispute or any claim, demand, or cause of action referred to herein or relating to the subject matter of this Stipulation, or evidence of any violation of any statute or law or of any liability or wrongdoing by any party, or any acknowledgment by them of any fault or liability to any party hereto or to any other person or entity.

6. <u>No Assignment by Plaintiff</u>.  Plaintiff warrants and represents that he is the holder of all claims sought to be released herein, and that none of the claims, demands or causes of action arising out of or relating to the subject matter of this Stipulation, or the Dispute, have been

sold, assigned, transferred or conveyed to others, or otherwise disposed of, either voluntarily or involuntarily, including through bankruptcy.  Plaintiff further agrees to indemnify, defend and hold harmless Pentagroup  from and against any losses, damages, liability, costs, claims, fees (including attorneys' fees), and expenses arising out of any claim made or action instituted by any person or entity who claims to be the beneficiary of such assignment or transfer or a creditor of sums paid, and Plaintiffs agrees to pay and satisfy any judgment resulting from or any settlement of such claim or action.

7.     <u>Attorneys Fees and Costs</u>.  Each of the parties shall bear his/its own attorneys' fees, expenses and costs incurred in connection with the Dispute as well as the preparation, execution and consummation of this Stipulation.

Dated:  New York, New York
        November 12, 2009

        MARSHALL, DENNEHEY, WARNER,
         COLEMAN & GOGGIN


By:  _____/s/_____
      Jeffrey J. Imeri  (JI 3938)

Attorneys for Defendant
The Graybar Building
420 Lexington Avenue, Suite 335
New York, NY 10170
(212) 878-1700


_____/s/_____
Albert Rudgayzer, Esq. (AR 4335)
Attorney for Plaintiff
116 East 16th Street
New York, New York 10003
(212) 260-5650

                                              /s/
                                 Todd C. Bank, Esq. (TB 6825)
                                 Attorney for Plaintiff
                                 119-40 Union Turnpike, 4th Floor
                                 Kew Gardens, New York 11415
                                 (718) 520-7125

**SO ORDERED:**

_____
**Hon. John Gleeson, U.S.D.J.**

**Dated:**

05193.00291 D-82 27/1431579.v1